URSULA R. LAFONTAINE, Petitioner, v. DISTRICT COURT OF MAYAGUEZ, Respondent.

No. 1062.   Argued December 23, 1935.—Decided February 26, 1936.

*José Sabater* for petitioner.   *José R. Gelpí* for defendant in the main action.

MR. JUSTICE WOLF delivered the opinion of the court.

Ursula R. Lafontaine began a proceeding in the District Court of Mayagüez to obtain provisional maintenance (*alimentos provisionales*) from her husband. After some preliminary proceedings the defendant appeared in court and withdrew all opposition to the complaint and the court rendered judgment ordering the defendant to pay to the plaintiff the sum of seven dollars a week and $25 for attorney's fees.

The defendant failed to perform the order of the court and then the plaintiff presented a proceeding to have him adjudged guilty of contempt. Then it was for the first time that the defendant objected to the jurisdiction of the District Court of Mayagüez alleging in effect that as the amount to be recovered would be only $364 a year, the District Court of Mayagüez was without jurisdiction and that the suit should have been presented to a municipal court. The court declared itself without jurisdiction. The application for maintenance was made by virtue of section 84 of the Special Legal Proceedings Act which provides as follows:

"All claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer. An appeal lies against a judgment rendered in this class of actions. But such appeals shall not be an obstacle to the execution of the judgment."

The petitioner maintains that she has complied with the Unlawful Detainer Act in presenting her complaint; that said section 84 is designed to make the proceeding a rapid one as usually happens when an unlawful detainer suit is filed; that it was not the idea of the Legislature that a petitioner in this class of cases should be subjected to the delay that would happen in an ordinary suit; that the court was mistaken in holding that this proceeding was not one for "*alimentos provisionales*"; that in reality what a woman seeks under these conditions is the maintenance provided under section 84; that the Supreme Court of Spain on the 9th of July 1907, decided that it was not necessary in a divorce suit to obtain permanent maintenance but that provisional maintenance could be decreed and the petitioner cites from Manresa, Commentaries on the Code of Civil Procedure, 1895 ed., Vol. VI, page 67, to the effect that provisional maintenance could be obtained in the summary suit; that the court was in error in holding that because the amount did not exceed one thousand dollars a year it had no jurisdiction in similarity to the provisions of the Unlawful Detainer Act.

In other words, what the petitioner maintained was that the reference in section 84, *supra,* to the Unlawful Detainer Act was merely to the forms that should be followed in a proceeding to obtain temporary maintenance and did not touch the question of jurisdiction. The petitioner likewise alleged that alimony did not arise from any business relations, but arose from the relation of marriage and that the court was in error in not holding that family matters of this sort should fall under the jurisdiction of the district court.

The respondent says that all the errors alleged thereby in the petition could be reduced to a single one, namely, that a district court has exclusive jurisdiction in the matter of maintenance independently of the amount claimed. The respondent maintains that a suit for maintenance is necessarily one to recover money and the money judgment may be increased or diminished as circumstances arise. Reference is made to section 145 of the Civil Code which provides that the maintenance should be in proportion to the means of the obligee. He maintains also that as the petitioner chose to rely on section 84 of the Special Legal Proceedings, she is bound thereby, as in any other ordinary suit. The respondent cites from Manresa and Scaevola to show that a claim of this kind is an ordinary suit.

■■ If we understand the respondent, he maintains that cases cited from this court involving the concession of maintenance by district courts all took place in suits for divorce. Section 84, *supra,* does not say that the jurisdiction in matters of maintenance should depend upon the amount involved. All that that section says is that the procedure in suits for maintenance shall be the same as in suits for unlawful detainer. We understand these words to mean that when a suit for maintenance is once begun the procedure therein should be similar to that followed in unlawful detainer cases. There is no necessary implication that the Legislature was giving jurisdiction to either court dependent upon the amount involved.

The respondent maintains that there is a money demand involved. This is true, but it is not a pure money demand. It involves the determination of a relation between husband and wife. The resolution of such a question would involve the same or a similar question as if a divorce proceeding had been begun. It is distinctly a determination of a family matter and we discover no intention on the part of the Legislature to confer jurisdiction therefor on the municipal courts.

Long ago in cases where no amount was involved or, in other words, where a tenant held merely at the will of the owner, or precariously, we held that it was only the district courts that had jurisdiction.

Ordinarily, the jurisdiction of the municipal courts depends upon the recovery of the specific sum of money involved, the recovery of a specific object, or the execution of a particular contract or the like. Here if the respondent was right, the municipal judge might have to award from time to time a greater or less amount and easily the amount to be fixed might exceed a thousand dollars a year. In point of fact what is specifically due at each interval is an amount much less than a thousand dollars a year.

We agree with the petitioner that in a vast number of cases the obtaining of provisional maintenance would be under situations where the wife would be entitled to a divorce judgment if she cared to begin a suit for that purpose.

We think that the jurisdiction of a municipal court should clearly appear and we are satisfied that it does not in this case.

The order of the District Court of Mayagüez of December 3, 1935, should be annulled and the case remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Córdova Dávila took no part in the decision of this case.